UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:03-CR-6-TS |
| | ) | |
| VIRGIL SMITH | ) | |

**OPINION AND ORDER**

Before the Court is a limited remand from the Seventh Circuit Court of Appeals pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), directing this Court to indicate whether it would have sentenced Defendant Virgil Smith differently, had the Federal Sentencing Guidelines been advisory rather than mandatory at the time of sentencing. For the following reasons, the Court determines that its sentence would have been the same.

**A. Procedural History**

The Defendant was convicted by the jury on one count of aiding and abetting an armed bank robbery, in violation of 18 U.S.C. § 2113 (a) and (d) and 18 U.S.C. § 2, and one count of aiding and abetting in the use of a firearm, during and in relation to the bank robbery, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. As the Court of Appeals pointed out, the evidence at trial revealed that to commit the offense the Defendant recruited several accomplices, planned the robbery, provided two guns, one of which was brought into the bank, and supplied face masks for two of the co-conspirators. During the robbery, the Defendant positioned himself outside the bank and was ready to obstruct the police from reaching the getaway car. *United States v. Smith*, 415 F.3d 482, 684 (7th Cir. 2005).

At the sentencing hearing, the Court found that the Defendant's offense level was at a Level 26 with a Criminal History Category V. This yielded a sentencing range between 110 and 137 months. The Court sentenced the Defendant at the top of the range to 137 months imprisonment on count one and a mandatory consecutive term of 84 months imprisonment for his conviction on count two, which was the statutory minimum for his § 924(c) violation, for a total of 221 months.

The Defendant appealed his conviction and his sentence to the Seventh Circuit, which affirmed his conviction but remanded the case to this Court to determine, in light of *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), whether it would have imposed a shorter sentence on count one had it known that the sentencing guidelines were merely advisory. *Smith*, 415 F.3d at 690.

**B. Decision**

In the course of the limited *Paladino* remand, "the district court is to consider the sentencing factors set out in 18 U.S.C. § 3553(a)" and determine whether it would reimpose the original sentence if it were required to resentence the defendant. *United States v. Re*, 419 F.3d 582, 583 (7th Cir. 2005). Among other things, § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law, the need to provide just punishment for the offense, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant.

In light of these determinants, even with the knowledge that the sentencing guidelines were merely advisory, the Court would have sentenced the Defendant to 137 months of imprisonment on count one, as such term is sufficient, but not greater than necessary, to comply with the purposes of punishment set forth in § 3553. The Defendant was convicted by the jury after a trial in which the evidence revealed him to be a central figure in organizing and executing the armed bank robbery.

The Defendant recruited three teenage accomplices, one of whom was only sixteen years old. He planned the robbery and supplied two guns, a stolen car, and face masks. He also took on the task of diverting the police if things did not go as planned. The Defendant engaged in this while still on parole for an Assault with a Firearm conviction and less than two years after being released from custody in California on a charge of Assault with a Deadly Weapon. Furthermore, the Defendant's overall criminal history is long and serious enough to warrant ten criminal history points under the sentencing guidelines.

The Defendant argues that 137 months of imprisonment is excessive when compared with the mean and median lengths of imprisonment for robberies in the Seventh Circuit. The Defendant presents data from 2003 showing that, in the Seventh Circuit, persons convicted of robbery were sentenced to a mean 108.3 and median 80 months of imprisonment. These statistics do not help the Defendant as they reflect sentences for robberies in general, not for armed bank robberies only. Were the Court to rely on these numbers, it may be comparing apples and oranges. And in any case, the nature of the Defendant's offense and his role in it mandate a punishment above the mean mark. Accordingly, even if given an opportunity for resentencing, the Court would leave the Defendant's term of imprisonment unchanged.

Dated: April 18, 2006

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT